UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

ALLEN D. DANIEL,

        Plaintiff,

v.

CONNIE HORTON et al.,

        Defendants.
_____/

Case No. 2:21-cv-38

Honorable Jane M. Beckering

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. This matter is presently before the Court for preliminary review of Plaintiff's complaint under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.

Plaintiff has filed more than 35 civil rights actions in this Court and the United States District Court for the Eastern District of Michigan since his incarceration with the Michigan Department of Corrections commenced. Plaintiff is an abusive litigant. Despite Rule 8's requirement that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8, and Rule 20's limit on joining parties only when a "right to relief is asserted against them . . . out of the same transaction or occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 20(a)(2), Plaintiff's complaints include page after page of rambling, conclusory, and unrelated allegations that name dozens of defendants.

This Court has cautioned Plaintiff that such complaints cannot be adjudicated. *See, e.g., Daniel v. Curtin et al.*, No. 1:08-cv-685 (W.D. Mich. Aug. 22, 2008); *Daniel v. McKee et al.*, No. 1:08-cv-757 (W.D. Mich. Aug. 28, 2008). The Court has given Plaintiff second chances and

third chances, to no avail; Plaintiff simply will not comply with the requirements of the court rules. The Eastern District of Michigan court has also taken note of Plaintiff's abusive tactics. *See, e.g.*, *Daniel v. Granholm et al.*, No. 1:06-cv-14387 (E.D. Mich. Dec. 1, 2006) ("In the 30 days since the notice of deficiency was mailed, the Court has received volumes of paperwork from Plaintiff on an almost daily basis; the stack of documents now measures over twelve inches in height.") (ECF No. 5, PageID.46) (footnote omitted); *Daniel v. Edgerton et al.*, No. 2:08-cv-13997 (E.D. Mich. Aug. 3, 2009) ("Plaintiff's 'serial litigation has been so frivolous, and has wasted so much of the Court's resources,' that imposition [of] a bar on Plaintiff's ability to file further lawsuits is appropriate, necessary, and far overdue.") (ECF No. 11, PageID.147).

In the years that followed, Plaintiff's previous filing of frivolous and abusive lawsuits did not stop him from filing new lawsuits, but it did prevent him from proceeding *in forma pauperis* because of the "three-strike" bar of 28 U.S.C. § 1915(g). Plaintiff's inability to pay the filing fee resulted in dismissals of his complaints without prejudice. In this suit, however, Plaintiff has paid the $402.00 filing fee.

Payment of that fee does not grant him license to proceed with abusive litigation. Plaintiff's present complaint spans more than a hundred pages, names dozens of defendants, and covers a time period beginning in 2017 and continuing to the date Plaintiff filed the complaint. Plaintiff has again blatantly disregarded the command of Rule 8 regarding a short and plain statement of the claim and the limit of Rule 20 on joining parties only where the claims against them arise out of the same transaction or occurrence. Plaintiff simply recounts on a day-by-day, or week-by-week basis all of the ways the Defendants have wronged him no matter how unrelated those incidents might be. As this Court explained to Plaintiff more than 13 years ago:

> [Your] complaint is composed of . . . rambling, vague, unrelated and often incoherent allegations against the named Defendants. Rule 8(a) of the Federal Rule

2

of Civil Procedure requires all complaints to set forth a short and plain statement of the district court's jurisdiction, as well as a short and plain statement of the facts upon which the pleader relies for entitlement to relief. [Your] complaint does not comply with Rule 8. Notwithstanding the liberal pleading standard afforded to pro se litigants, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), [Your] complaint cannot be adjudicated in its current form.

*Daniel v. Curtin*, No. 1:08-cv-685 (W.D. Mich. Aug. 22, 2008) (ECF No. 8, PageID.161.). For that reason, the Court will enter judgment dismissing Plaintiff's complaint without prejudice.

Dated:     February 16, 2022              /s/ Jane M. Beckering
                                                                              Jane M. Beckering
                                                                              United States District Judge